**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **DALROCK MANAGEMENT, INC.,** § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. _____ |
| **CAPITOL SPECIALTY INSURANCE** § | |
| **CORPORATION,** § | |
| Defendant. § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Capitol Specialty Insurance Corporation ("Defendant" or "Capitol Specialty") files this Notice of Removal:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1.  On August 28, 2017, Plaintiff Dalrock Management, Inc. ("Dalrock" or "Plaintiff") filed its Original Petition in the matter styled *Dalrock Management, Inc. v. Capitol Specialty Ins. Corp.*, Cause No. 2017-7108-158 in the 158th Judicial District Court in Denton County, Texas.  The lawsuit arises out of a claim by Plaintiff that its property located at 1297 FM 407, Lewisville, Texas 75077 was damaged by a wind and hail event on March 26, 2017 that caused structural and exterior damage.

2.  Plaintiff served Capitol Specialty with a copy of the Original Petition through the Commissioner of Insurance on September 5, 2017.

3.  The Commissioner of Insurance then notified Capitol Specialty of service by mailing a letter to Capitol Specialty dated October 4, 2017 with the citation and Plaintiff's Original Petition enclosed.

4. Capitol Specialty timely files this notice of removal within 30 days of receiving Plaintiff's Original Petition by certified mail from the Commissioner of Insurance on October 10, 2017. *See* 28 U.S.C. §1446(b). When a defendant is served through a statutory agent, the time to remove under 28 U.S.C. Section 1446 does not begin to run until the defendant receives a copy of the pleading after formal service is effected on the statutory agent. *See, e.g., Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998); *Barrackman v. Banister*, No. H-06-3622, 2007 WL 189378, at *1-2 (S.D. Tex. Jan. 22, 2007); *Baum v. Avado Brands, Inc.*, No. 3:99-CV-0700-G, 1999 WL 1034757, at *2 (N.D. Tex. Nov. 12, 1999). Thus, for removal purposes, the thirty days should be counted from when Capitol Specialty actually received service (October 10, 2017), not when the statutory agent received it. Thus, this Notice of Removal is filed in advance of the thirty day deadline. In addition, this Notice of Removal is filed within one year of the commencement of this action.

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. Section 1446(a) and Local Rule CV-81(c). Also included is a copy of the civil cover sheet in accordance with Local Rule CV-81(c)(2). The removing party is filing a separate jury demand in accordance with Local Rules CV-38(a) and CV-81(b). A copy of this Notice is concurrently being filed with the state court and served upon the Plaintiff.

6. As required by 28 U.S.C. Section 1446(a) and Local Rule CV-81(c), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is a copy of the state court's Docket Sheet, a copy of the state court's Civil Case Information Sheet is attached hereto as Exhibit "B," a copy of Plaintiff's Original Petition is attached hereto as Exhibit "C," a copy of the Citation by Certified Mail sent by the Commissioner of Insurance to

Capitol Specialty and the cover letter attaching the citation and petition is attached hereto as Exhibit "D," a copy of printout from the United State Postal Service with confirmation of the date of delivery to Capitol Specialty is attached hereto as Exhibit "E," a copy of Defendant's Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "F," the list of Parties to the Case (including status of the case, jury demand, and state court information) is attached hereto as Exhibit "G," and a List of Counsel is attached hereto as Exhibit "H."

7. Venue is proper in this Court under 28 U.S.C. Section 1441(a) because this district and division embrace Denton County, Texas, the place where the removed action has been pending and where the dispute giving rise to this lawsuit took place.

## II.
### BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. Sections 1332(a), 1441(a) and 1446.

**A. The Proper Parties Are of Diverse Citizenship.**

9. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Exhibit C, at ¶2.

10. Defendant Capitol Specialty is, and was at the time the lawsuit was filed, a citizen of the state of Wisconsin, with its principal place of business in Middleton, Wisconsin. *See* Pl's Original Pet., Exhibit C, at ¶3.

11. Because Plaintiff is a citizen of Texas and Defendant Capitol Specialty is a citizen of Wisconsin, complete diversity of citizenship exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00**

12. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that it seeks "monetary relief over **$200,000 but not over**

**$1,000,000**, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees." *See* Pl's Original Pet., Exhibit C, at ¶4. Thus, the express allegations in the Petition make clear that Plaintiff's claim exceeds the amount in controversy threshold of $75,000.00.

13. In addition, Plaintiff alleges that Capitol Specialty is liable for breach of contract for failing to pay Plaintiff's claim under an insurance policy. Specifically, but without limitation, Plaintiff alleges that Capitol Specialty breached insurance policy number CS02709138-01. In addition, Plaintiff's Petition alleges that Defendant is liable under various statutory and common law causes of action for actual damages, 18% penalty interest, exemplary damages, and attorneys' fees. In determining the amount in controversy, the Court may consider "policy limits…penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Ray v. State Farm Lloyds*, No. Civ.A.3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999) (finding sufficient amount in controversy in plaintiff's case against insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish); *see also Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential recovery of punitive damages as part of the amount in controversy).

14. In examining the policy limit, it is clear that the amount in controversy in this lawsuit exceeds the jurisdictional requirements. Plaintiff's claim arises from policy number CS02709138-01, with a limit of $1,900,000 for commercial property coverage. *See* Declaration of Ashley Mason, Exhibit "I." In sum, it is apparent based on Plaintiff's express allegations and

the claims asserted in Plaintiff's Original Petition that Plaintiff seeks damages that far exceed $75,000.

### III.
#### CONCLUSION AND PRAYER

15. All requirements are met for removal under 28 U.S.C. Sections 1332 and 1441. Accordingly, Defendant Capitol Specialty Insurance Corporation hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Ashley L. Mason*
Ellen Van Meir
State Bar No. 00794164
evanmeir@thompsoncoe.com

Ashley L. Mason
State Bar No. 24083453
amason@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, TX 75201-2832
(214) 871-8200
(214) 871-8209 – FAX

COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

This is to certify that on October 23, 2017, a true copy of the foregoing was served via the court's Notice of Electronic Filing (NEF) upon plaintiff's counsel of record Shaun W. Hodge, THE HODGE LAW FIRM, PLLC, Old Galveston Square Building, 2211 Strand, Suite 202, Galveston, Texas, 77550.

*/s/ Ashley L. Mason*
Ellen Van Meir
Ashley L. Mason